In re Robert SACKETT, Debtor.

Barrett S. TOWNSEND, Plaintiff,

v.

Robert SACKETT, Defendant.

In re Rosemary SACKETT, Debtor.

Barrett S. TOWNSEND, Plaintiff,

v.

Rosemary SACKETT, Defendant.

**Nos. 91–CV–1142, 90–11628 and 90–11627.**
**Adv. Nos. 91–91023AJJM, 91–91028AJJM.**

United States District Court,
N.D. New York.

Jan. 21, 1992.

Shults & Shults, Hornell, N.Y. (David A. Shults, of counsel), for Barrett S. Townsend.

Richard B. Spinney, Stamford, N.Y., for National Bank of Stamford.

Herrmann Pelagalli & Abramson, Clifton Park, N.Y. (Paul Pelagalli, of counsel), for Robert & Rosemary Sackett.

James Collins, U.S. Trustee, Binghamton, N.Y.

## MEMORANDUM–DECISION AND ORDER

McCURN, Chief Judge.

### INTRODUCTION

This is an appeal from an interlocutory order of the Bankruptcy Court dated August 21, 1991, which denied Townsend's ("appellant") motion to reargue the National Bank of Stamford's ("Bank") motion to vacate an automatic stay pursuant to 11 U.S.C. section 362.

On appeal, appellant contends that it was improper for the Bankruptcy Court to grant the Bank's motion for relief from the automatic stay on grounds which the Bank had not set forth in its papers without first notifying the petitioning creditor, the bankruptcy trustee, or the debtors' attorney of its intent to do so. In addition, appellant argues that the Bankruptcy Court used the incorrect filing date to calculate the ninety day time period for voidable preferences

pursuant to section 547(b)(4) of the Bankruptcy Code.

## BACKGROUND

Appellant appeals from an interlocutory order of the Bankruptcy Court dated August 21, 1991.[1] Appellant is a petitioning creditor of the debtors in a Chapter 7 proceeding. After the original involuntary bankruptcy order was entered, the Bank moved to lift the automatic stay on a second mortgage on real property that the debtors owned. In opposition to this motion, appellant, as well as the Chapter 7 trustee and the debtors' attorney, opposed the motion and filed answering affidavits. Since the sole purpose of the Bank's motion was to lift the stay, appellant's attorney did not appear for oral argument but rather submitted on his answering affidavits.

For some reason, not explained by any of the parties, the Bankruptcy Court heard oral argument on this motion without all parties being present. Based on this argument, the Bankruptcy Court granted the Bank's motion, at least in part, on the ground that the Bank's mortgage was not given within ninety days of the filing of appellant's petition and therefore was not a voidable preference within the meaning of section 547(b) of the Bankruptcy Code.[2] Subsequently, claiming that the Bank had not sought to have the stay lifted on these grounds in its papers, appellant brought a motion for reargument. The Bankruptcy Court denied this motion with leave to renew. It is this order denying appellant's motion to reargue which is the subject of this appeal.

## DISCUSSION

Although ultimately appellant seeks an order which will allow him to reargue the

Bank's motion to lift the automatic stay, there are two questions which must be answered as a preliminary matter. First, this court must determine whether May 31, 1990, or June 1, 1990, is the operative filing date for purposes of calculating section 547(b)'s ninety day preference period. Second, if this court determines, as the Bankruptcy Court did, that June 1, 1990, is the operative filing date, then this court must decide whether the Bank's mortgage, filed March 2, 1990, falls within the statutory ninety day preference period.

Appellant's contention that May 31, 1990, is the operative filing date is not without merit. In fact, the evidence before this court overwhelmingly supports such a conclusion. First of all, there is the affidavit of Ms. Lucia A. Sander, appellant's attorney's secretary, in which she states that the Bankruptcy Court Clerk told her that the only papers she was required to file were the original petitions. *See* Appellant's Appendix at 13. Neither the Bank nor the debtors offer any evidence in opposition to this affidavit despite the fact that Ms. Sander's affidavit specifically identifies which Bankruptcy Court Clerk provided her with this information. Although this affidavit, without more, might not be enough to convince this court that appellant filed his petitions on May 31, 1990, the copies of the cover letter and petitions themselves provide incontrovertible evidence of this fact. These documents are clearly date-stamped as "filed on May 31, 1990." *See* Appellant's Appendix at 8, 9, 11.

Bankruptcy Rule 1002 which governs commencement of a Bankruptcy case states that "[a] petition commencing a case under the Code shall be filed with the clerk." Bankr.R. 1002 (West 1991 Supp.).

---

1. Both the Bank and the debtors incorrectly state that this is an appeal from an interlocutory order of the Bankruptcy Court dated October 7, 1991. The October 7, 1991, order is an order of this court granting appellant's motion to appeal the interlocutory bankruptcy order.

2. Section 547(b) states in pertinent part:

Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—
 (4) made—
 (A) on or within 90 days before the date of the filing of the petition; ...
11 U.S.C. § 547(b) (West 1991 Supp.).

There is no dispute that appellant complied with this rule when he filed his original petition on May 31, 1990. What is in dispute, however, is whether appellant's failure to comply with the local rule governing filing procedures rendered this May 31st filing moot. Concluding that it did, the Clerk returned the "filed" papers to appellant's attorney stating that they were not acceptable because they were not in compliance with the local rule which required that a matrix and four copies be submitted along with the original petitions. Thus, appellant was forced to refile a new set of petitions with the appropriate copies and matrix on June 1, 1990.

 Although individual bankruptcy courts may promulgate local rules, these rules must be consistent with the federal Bankruptcy Rules. Moreover, these rules are for the court's convenience and do not affect the substantive nature of the documents themselves. In this case, the local rule provides that failure to comply is cause for the Clerk to return the papers without filing. Thus, it is a permissive, rather than a mandatory, rule. Furthermore, this rule appears to pertain only to those situations in which the Clerk has not yet filed the papers. In this case, the evidence demonstrates that the Clerk filed the papers by date-stamping them before she returned them to appellant for failure to comply with the local rule. Given these facts, the court concludes that the local rule is not applicable to this situation.[3] Therefore, because appellant filed his petition in compliance with Bankruptcy Rule 1002, the court concludes that the operative filing date is May 31, 1990. Consequently, the Bank's mortgage is a voidable preference within the meaning of section 547(b) of the Bankruptcy Code. Likewise, this means that the Bankruptcy Court's order

which granted the Bank's motion to vacate the automatic stay was grounded, at least in part, on the erroneous assumption that June 1, 1990, was the operative filing date. Accordingly, this court reverses the Bankruptcy Court's order dated August 21, 1991, denying appellant's motion to reargue and remands this case to the Bankruptcy Court for further consideration consistent with this opinion.

Finally, in light of this court's determination that May 31, 1990, is the operative filing date, it is unnecessary for the court to decide whether June 1, 1990, would likewise be within the 90 day period.[4]

## CONCLUSION

Based on the evidence before it, the court concludes that appellant filed his Chapter 7 petition on May 31, 1990. Consequently, the Bank's mortgage, filed March 2, 1990, is a voidable preference. Based on this conclusion, the court reverses the Bankruptcy Court's order denying appellant's motion to reargue. Accordingly, the court remands this case to the Bankruptcy Court with instructions to reconsider the Bank's motion in light of the fact that its mortgage is a voidable preference.

IT IS SO ORDERED.

---

3. Moreover, even if the local rule were applicable, given the facts of this case, especially the date-stamped documents themselves, this court would conclude that May 31, 1990, is the operative filing date.

4. This is fortunate for appellant. Despite appellant's humorous, though faulty, mathematics lesson, had the court determined that June 1, 1990, was the operative filing date, it would have concluded that this was the ninety-first day under both appellant's Julian calendar and his "fingers and toes" methods of counting.